UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| BARBE PURO, on behalf of herself and all other similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEW ENGLAND COMPOUNDING PHARMACY, INC. d/b/a NEW ENGLAND COMPOUNDING CENTER,<br><br>Defendant. | Civil Action No. 12-cv-02605 (DWF/SER) |

**MEMORANDUM IN SUPPORT OF NEW ENGLAND COMPOUNDING PHARMACY, INC. D/B/A NEW ENGLAND COMPOUNDING CENTER'S MOTION TO STAY ALL PROCEEDINGS PENDING RULING ON MOTION FOR TRANSFER AND CONSOLIDATION BY THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION**

**I.**

**INTRODUCTION**

This action, one of many federal court actions pending against New England Compounding Pharmacy, Inc. d/b/a New England Compounding Center ("NECC" or "Defendant"), alleges that Plaintiff Barbe Puro has suffered personal injuries after being exposed to methylprednisolone acetate compounded and distributed by NECC. As of this filing, there are at least 100 cases pending in numerous federal courts across the country which allege claims substantially similar to those of Plaintiff. NECC anticipates that many more such cases will be filed in the coming months.

On October 16, 2012, plaintiffs in the Michigan action *Bansale v. New England Compounding Pharmacy, Inc*., Case No. 12-cv-14559 (E.D. Mich. filed Oct. 15, 2012), filed a Motion for Transfer and Consolidation of Related Cases (the "MDL Motion") with the Judicial Panel on Multidistrict Litigation (the "Panel") seeking to coordinate all

actions for pretrial discovery and proceedings pursuant to 28 U.S.C. § 1407(a) in the District of Minnesota before Judge Donovan W. Frank. A copy of the MDL Motion is annexed to Defendant's Motion to Stay as Exhibit "A". Responses to the MDL Motion were filed on November 7, 2012; certain plaintiffs filed replies on November 14, 2012. On December 13, 2012, the Panel agreed to hear the MDL Motion on January 31, 2013. (J.P.M.L. Case No. 857, ECF No. 9103.)

While the Panel considers the MDL Motion, Defendant respectfully requests a stay of all proceedings in this action, including all pretrial discovery and future motion practice, pending the Panel's adjudication of the MDL Motion. NECC favors MDL coordination, and no opposition has been filed by any party to an MDL coordination. For this Court to advance proceedings in the instant matter would work at cross-purposes with that of the Panel as it considers whether to consolidate and transfer the cases. Indeed, because the instant action involves virtually identical predicate factual allegations, common questions of law and fact and overlapping claims for relief, continuing proceedings before the Panel adjudicates the pending motion would needlessly waste this Court's limited time and resources, as well as that of the parties hereto. Further, it would also alter the underlying circumstances the Panel must consider in adjudicating the MDL Motion. To promote judicial economy and avoid prejudice to any party, and to allow the MDL Motion to be ruled upon without any change in circumstances, the Defendant respectfully requests a stay pending the Panel's determination.[1]

---

[1] Defendant is filing similar motions to stay in other cases pending in various federal courts.

## II.

## BACKGROUND

### A. The Actions Which Are The Subject of the MDL Motion

The MDL Motion is brought on behalf of Petitioners who, like Plaintiff herein, claim that after being injected with methylprednisolone acetate compounded by NECC, they suffered personal injuries and/or wrongful death. The MDL Petitioners, like Plaintiff herein, generally seek recovery under theories of negligence, strict product liability, breach of express and implied warranties, misrepresentation, lack of informed consent, misrepresentation and/or failure to warn, among others. All of the actions pending in various federal courts are in the very early stages of litigation.

### B. The Instant Action

The instant action is similar to the other cases submitted to the Panel for coordination. Plaintiff Barbe Puro commenced this action, on behalf of herself and all others similarly situated, on October 11, 2012 in the United States District Court for the District of Minnesota, Civil Action No. 12-cv-02605.

Like the actions described in the MDL Motion, the instant action involves allegations that Plaintiff developed personal injuries secondary to being exposed to methylprednisolone acetate allegedly compounded and distributed by NECC. Plaintiff asserts causes of action against Defendant couched in strict liability and negligence. Plaintiff seeks compensation for personal injuries, emotional distress, medical and other expenses, attorney's fees, and other costs and expenses. (Complaint, ECF No. 1.)

While the underlying facts and circumstances of the instant case are specific to the instant Plaintiff (i.e., pre-existing medical history, surgeon and healthcare providers, dates and anatomical placement of injections, onset of disease and/or symptoms), the actions which are the subject of the MDL Motion allege virtually identical injuries and advance similar causes of action and categories of damages.

It is respectfully submitted that, given the pendency of the MDL Motion, continuing to litigate the instant case would require the parties to engage in overlapping discovery and would entail multiple courts considering and adjudicating duplicative pretrial motions.  If the Panel transfers this case to one court for coordinated pretrial proceedings, the transferee court will be responsible for resolving future motions and presiding over coordinated discovery.  To prevent duplication of efforts, the possibility of conflicting rulings, and to promote judicial economy and avoid prejudice to the parties, Defendant requests a temporary stay of all proceedings in this action, pending adjudication of the MDL Motion by the Panel.

### III.

### ARGUMENT

**A.   This Court Has The Authority To Stay This Action Pending The Panel's Ruling**

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936); *see also Rohan ex rel. Gates v. Woodford*, 334 F.3d 803, 817 (9th Cir. 2003); *Gold v. Johns-Manville Sales Corp.*, 723 F.2d 1068, 1077 (3d Cir. 1983); *Tex. Indep. Producers & Royalty Owners Ass'n v. EPA*, 410 F.3d 964, 980 (7th Cir. 2005); 7B C. Wright, A. Miller & M. Kane, FEDERAL PRACTICE AND PROCEDURE § 1792, at 10 (3d ed. 2005) ("When similar actions, either class or individual, are proceeding before several courts, one or more of the tribunals may stay the proceeding before it pending the outcome of the other action."); Federal Judicial Center, MANUAL FOR COMPLEX LITIGATION § 20.14, at 228 (4th ed. 2004) ("In appropriate cases, a judge may order an action stayed pending resolution of a related case in a federal court.").  Accordingly, this Court has the inherent authority to stay this case pending the Panel's decision.

**B.     A Temporary Stay Is Appropriate Pending The Panel's Ruling**

"Courts frequently grant stays pending a decision by the MDL Panel regarding whether to transfer a case." *Good v. Prudential Ins. Co. of Am.*, 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998). A stay is particularly appropriate in this situation because the very "purpose of such [MDL] transfers is to further judicial economy and to eliminate the potential for conflicting pretrial rulings." *Id.* at 809; *see also In re Ivy*, 901 F.2d 7, 9 (2d Cir. 1990) ("[c]onsistency as well as economy is thus served" by resolution of common issues by one transferee court); *In re New York City Mun. Secs. Litig.*, 572 F.2d 49, 51-52 (2d Cir. 1978); *Rivers v. Walt Disney Co.*, 980 F. Supp. 1358, 1362 (C.D. Cal. 1997); *In re Columbia Univ. Patent Litig.*, 313 F. Supp. 2d 1383, 1385 (J.P.M.L. 2004) (finding the benefit of an MDL is to place all related actions before one judge who can structure pretrial proceedings to consider all parties' needs while ensuring that duplicative activity does not occur).

Indeed, "a majority of courts have concluded that it is often appropriate to stay preliminary pretrial proceedings while a motion to transfer and consolidate is pending with the MDL Panel because of the judicial resources that are conserved." *Rivers*, 980 F. Supp. at 1362; *see also Hertz Corp. v. The Gator Corp.*, 250 F. Supp. 2d 421 (D.N.J. 2003); *Smith v. Mail Boxes, Etc. USA, Inc.*, 191 F. Supp. 2d 1155 (E.D. Cal. 2002); *Bd. of Trs. of the Teachers' Ret. Sys. of Ill. v. Worldcom, Inc.*, 244 F. Supp. 2d 900 (N.D. Ill. 2002); *Medical Soc'y of New York v. Conn. Gen. Corp.*, 187 F. Supp. 2d 89, 92 (S.D.N.Y. 2001); *Namovicz v. Cooper Tire & Rubber Co.*, 225 F. Supp. 2d 582 (D. Md. 2001); *Weinke v. Microsoft Corp.*, 84 F. Supp. 2d 989 (E.D. Wis. 2000); *Brault v. Merck & Co., Inc.*, No. 06CV2039 IEGBLM, 2006 WL 3924223 (S.D. Cal. Nov. 7, 2006); *Nekritz v. Canary Capital Partners, LLC*, No. Civ. 03-5081 (DRD), 2004 WL 1462035, at *2 (D.N.J. Jan. 12, 2004) ("An immediate stay will permit the most efficient possible use of the courts' and the parties' resources."); *Mailblocks, Inc. v. Spam Arrest, LLC*, No. CV03-0077, 2003 WL 23325432 (W.D. Wash. June 9, 2003); *Republic of Venezuela ex*

*rel. Garrido v. Philip Morris Cos.*, No. 99-0586-Civ., 1999 WL 33911677 (S.D. Fla. Apr. 28, 1999); *Am. Seafood, Inc. v. Magnolia Processing, Inc.*, Civ. A. Nos. 92-1030, 92-1086, 1992 WL 102762 (E.D. Pa. May 7, 1992); *Arthur-Magna, Inc. v. Del-Val Fin. Corp.*, Civ. A. No. 90-4378, 1991 WL 13725 (D.N.J. Feb. 1, 1991).

Factors relevant to whether a stay should be ordered include: (1) the judicial resources saved by avoiding duplicative litigation; (2) potential prejudice to the non-moving party; and (3) hardship to the moving party if a stay is not granted. *See, e.g.*, *Rivers*, 980 F. Supp. at 1360. All of the above factors weigh heavily in favor of issuing a temporary stay pending transfer.

    **1.    A Stay Will Conserve Judicial Resources**

If the Panel grants the MDL Motion and consolidates the cases to one district, judicial resources in multiple districts throughout the country would be conserved.

Discovery has only recently been initiated.[2] Considerable discovery, including statutory initial disclosures, written discovery, document production, party depositions, Rule 26 expert disclosures and depositions, non-party depositions and certain non-party factual discovery must be conducted. If this Court does not stay the instant case, and the Panel consolidates all the cases in a different district, then "this Court will have needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge." *Rivers*, 980 F. Supp. at 1360. Duplicative efforts by

---

[2] The parties had an initial meet and confer conference on Friday, December 14, whereupon numerous matters were discussed including Plaintiff's motion to preserve evidence, Defendant's motion to stay and the Rule 26(f) report. During that meet and confer, Defendant requested that discovery be stayed but Plaintiff refused. Defendant asked Plaintiff to forward a draft of her Rule 26(f) report (Plaintiff had not circulated one prior to the meeting), agreeing to review and redline it and reconvene the next business day on Monday, December 17. Defendant explained that it needed time to review and consider any proposed dates given that this case was one of more than one hundred cases and that the selection of key dates was not something that could be handled in a phone call when there was no document for Defendant to review. Defendant communicated that no discovery should be served until the meet and confer process was complete. Plaintiff refused to comply and served discovery that afternoon.

the transferee judge also will result, for "any efforts on behalf of this Court concerning case management will most likely have to be replicated by the judge that is assigned to handle the consolidated litigation." *Id.* at 1360-61.

The potential for conflicting rulings also exists. These cases may entail numerous procedural and substantive motions, potentially including motions to dismiss, *Daubert* motions and summary judgment motions, which can be resolved by the transferee court without risk of duplication and inconsistent rulings. *See, e.g.*, *In re Bridgestone/Firestone, Inc.*, No. 1373, 2000 WL 33416573, at *2 (J.P.M.L. Oct. 24, 2000) ("[J]urisdictional and remand motions can be presented to and decided by the transferee judge."); *Bd. of Trs. of the Teachers' Ret. Sys.*, 244 F. Supp. 2d at 902 ("[A] court may stay proceedings even where subject matter jurisdiction is uncertain."); *Hertz Corp.*, 250 F. Supp. 2d at 427 (noting that denying a stay would potentially result in "conflicting decisions by this Court and the transferee court . . . thereby decreasing a primary benefit of consolidation, namely consistent rulings on important pretrial legal issues."); *Hardin v. Merck & Co., Inc.*, No. C. 07-0070 SBA, 2007 WL 1056790, at *2 (N.D. Cal. Apr. 5, 2007) ("[D]eference to the MDL court for resolution of a motion to remand provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system.").

Moreover, rulings made currently, including those in this Court, may be vacated after a transfer. "[T]ransferee judges have been known to vacate or modify previous rulings of the transferor judge." *Rivers*, 980 F. Supp. at 1361 (citing cases). "[T]he time and energy that this Court would devote to any rulings it might make . . . could be for naught if this action is transferred to another court and that court modifies or vacates any of this Court's orders." *Id*. Judicial economy thus militates strongly against further investment of this Court's time in pretrial proceedings pending the Panel's decision on consolidation and transfer.

### 2. A Stay Will Prevent Prejudice To All Parties

Duplicative litigation wastes the parties' resources as well. Absent a temporary stay of this action, the parties will litigate complex issues before this Court and others, including potentially esoteric scientific issues, even though the cases may ultimately be transferred. The same issues may then be re-litigated in the transferee court. A temporary stay will alleviate this potential waste of effort and resources. *See, e.g.*, *Am. Seafood*, 1992 WL 102762, at *2 ("[D]uplicative motion practice and discovery proceedings demonstrate that judicial economy and prejudice to the defendants weigh heavily in favor of the stay.").

The same is true of discovery. Given that the allegations in all the complaints are similar, discovery herein would substantially overlap with discovery in other cases. If discovery efforts commence here, and in other cases, the parties will likely be forced to duplicate significant efforts. *Rivers*, 980 F. Supp. at 1362. By contrast, a stay followed by multidistrict coordination would enable the parties to propound and respond to coordinated sets of comprehensive discovery requests on a going-forward basis. Thus, this Court should issue a stay herein pending the Panel's decision on the MDL Motion.

Should this case proceed while the Panel is considering the MDL Motion, either or both parties may be prejudiced by inconsistent rulings on significant issues common to all cases. To avoid such prejudice, courts often stay proceedings in anticipation of the possibility that those issues will be addressed by the transferee court selected by the Panel. *See In re Bridgestone/Firestone, Inc.*, 2000 WL 33416573, at *2; *see also In re Ivy*, 901 F.2d at 9; *Weinke*, 84 F. Supp. 2d at 989-90 (staying action pending MDL ruling despite remand motion); *Calder v. A.O. Smith Corp.*, No. Civ. 04-1481 JRT/AJB, 2004 WL 1469370 (D. Minn. June 1, 2004) (staying defendant's motion to dismiss pending Panel's decision); *Falgoust v. Microsoft Corp.*, No. Civ. A. 00-0779, 2000 WL 462919, at *2 (E.D. La. Apr. 19, 2000) (staying action in deference to pending coordination

8

motion, notwithstanding the filing of a motion to remand to state court); MANUAL FOR COMPLEX LITIGATION, supra, § 20.14, at 228. A Stay Will Not Prejudice Plaintiff

Plaintiff will not be substantially prejudiced by staying this action pending the decision of the Panel, particularly where this case has only recently been filed, discovery has only recently been initiated (arguably improperly as the meet and confer process related to the Rule 26(f) Report was not complete), and no scheduling order has yet been entered. The short-term stay requested is only until the Panel issues its decision. There will not be an extended delay on Plaintiff's ability to prosecute the action. *See Am. Seafood*, 1992 WL 102762, at *1; *see also Aikins v. Microsoft Corp.*, No. Civ. A. 00-0242, 2000 WL 310391, at *1 (E.D. La. Mar. 24, 2000) ("Plaintiffs have failed to show any significant prejudice they would suffer, beyond the slight delay pending the JPML decision."); *Republic of Venezuela*, 1999 WL 33911677, at *1 ("[U]pon consideration of what effect a brief stay may have on [plaintiff], the Court finds that Plaintiff will not be prejudiced by the granting of a stay pending the JPML's decision.").

As other courts have noted, "even if a temporary stay can be characterized as a delay prejudicial to plaintiffs, there are considerations of judicial economy and hardship to defendants that are compelling enough to warrant such a delay." *Egon v. Del-Val Fin. Corp.*, Civ. A. No. 90-4338, 1991 WL 13726, at *1 (D.N.J. Feb. 1, 1991); *see also Rivers*, 980 F. Supp. at 1362, n.5 ("[E]ven if a temporary stay could be characterized as a delay that would be prejudicial . . . there are still considerations of judicial economy that outweigh any prejudice."); *Am. Seafood*, 1992 WL 102762, at *2 ("[A]ny prejudice to the plaintiffs is clearly outweighed by the considerations of judicial economy and possible prejudice to the defendants.").

## IV.
## CONCLUSION

For the foregoing reasons, Defendant respectfully requests a temporary stay of all proceedings in this action, including pretrial discovery and future motion practice, awaiting a Panel decision on the MDL Motion.

Dated: December 17, 2012                    BOWMAN AND BROOKE LLP

*/s/ Molly J. Given*
Kim M. Schmid (#1030600)
Alana K. Bassin (#266589)
Molly J. Given (#0387713)
150 South Fifth Street, Suite 3000
Minneapolis, MN 55402
Telephone:   612.339.8682
Facsimile:    612.672.3200
kim.schmid@bowmanandbrooke.com
alana.bassin@bowmanandbrooke.com
molly.given@bowmanandbrooke.com

*Counsel for NEW ENGLAND COMPOUNDING PHARMACY, INC. d/b/a New England Compounding Center*